Mr. Owens Lee Hull, Jr. Prosecuting Attorney of Platte County P. O. Box B Platte City, Missouri 64079
Dear Mr. Hull:
This letter is in response to your request asking whether it is lawful for a county court of a second class county to obtain false arrest insurance to insure against false arrest by the sheriff's deputies of that county.
You also refer to our Opinion No. 92, dated November 14, 1951 to Veatch, in which this office held that a county court has no authority to help defray the expense of a group insurance plan on the elected officers or employed personnel of that county. Such opinion was withdrawn when this office issued Opinion No. 93, dated September 9, 1969 to Cason, in which it was held that a school board has the authority to purchase an individual liability insurance policy on an employee to cover his negligence occurring during the normal activities of the school district as part of his compensation. A copy of that opinion is enclosed. We also enclose Opinion No. 11, dated April 6, 1971, to Copeland wherein this office held that it was our view that the statutory authorization to provide "compensation" or "salary" for an employee includes the authorization to purchase insurance for an employee as a part of the "compensation" or "salary" of the employee. We therefore concluded that under Section 57.250, RSMo, which relates to the compensation of deputy sheriffs of third and fourth class counties, a judge of the circuit court may in his discretion authorize by court order the payment of a hospitalization insurance policy as a part of the compensation of deputies provided for under that section.
The appointment of deputies of second class counties is covered by Section 57.220 RSMo. Under that section deputies are appointed by the sheriff but no appointment becomes effective until approved by the judges of the circuit court of the county. The judges of the circuit court of such county by agreement with the sheriff fixes the salary of such deputies. Under Section 57.230, RSMo, the county court pays such deputies salaries.
We are therefore of the view that false arrest insurance may be purchased for such deputies as a part of their compensation, pursuant to the provisions of Section 57.220, by agreement between the judges of the circuit court and the sheriff.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 93 9/9/69, Cason
 Op. No. 11 4/6/71, Copeland